DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sta-Rite Industries, LLC, | ) | |
| | ) | CASE NO. 5:08 CV 1072 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| Preferred Pump & Equipment, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

After the Case Management Conference on July 31, 2008, the Court stayed discovery and the parties were granted leave until August 11, 2008, to determine whether they desired the Court to hold in abeyance its ruling on the pending motions while the parties pursued resolution. Counsel for plaintiff informed the Court that the parties are unable to resolve the case at this time and did not request additional time to do so (Document 30).

Defendant Preferred Pump & Equipment (Preferred Pump) has moved to dismiss plaintiff Sta-Rite Industries' (Sta-Rite) complaint for lack of capacity, or alternatively, to transfer venue to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a) (Document 17). Sta-Rite has opposed Preferred Pump's motion (Document 25), and Preferred Pump has replied (Document 28). Not yet at issue is Sta-Rite's motion to dismiss Counts 1, 2, 3 and 5 of Preferred Pump's counterclaims (Document 23).

For the reasons discussed herein, Preferred Pump's motion to dismiss for lack of capacity (Document 17) is granted.

(5:08 CV 1072)

## I. BACKGROUND

Sta-Rite is a Wisconsin company that manufactures submersible pumps. Preferred Pump is a Texas company that distributes Sta-Rite's pumps pursuant to written distributor agreements. The parties have a long-term business relationship.

The distributor agreements are for one year terms that renew annually. The agreements do not require Preferred Pump to exclusively distribute Sta-Rite pumps, but do require Preferred Pump to use its best efforts to market and sell Sta-Rite's pumps.

Stay-Rite alleges that beginning in 2005, Preferred Pump began promoting the products of a competitor - Franklin Electric - over Sta-Rite's products. Sta-Rite alleges that by doing so, Preferred Pump breached their distributor agreement. By letter dated October 25, 2007, Sta-Rite notified Preferred Pump that their current distributor agreement would not be renewed at the end of its term. Preferred Pump counterclaimed, among other things, for breach of the distributor agreement by of Sta-Rite.

## II. PREFERRED PUMP'S MOTION TO DISMISS FOR LACK OF CAPACITY

Preferred Pump contends that Sta-Rite's complaint should be dismissed for lack of capacity because Sta-Rite was not registered with the Ohio Secretary of State as required by Ohio Revised Code (ORC) § 1705.54(A). As a consequence, Preferred Pump argues that ORC § 1705.58(A) prohibits Sta-Rite from maintaining this action against Preferred Pump in Ohio. Preferred Pump's motion to dismiss was filed on July 3, 2008.

(5:08 CV 1072)

In opposing Preferred Pump's motion to dismiss, Sta-Rite does not dispute that it was not registered in Ohio as required when the complaint was filed.  However, Sta-Rite argues that its subsequent registration[1] cured any defect in capacity to bring this action that may have existed at the time the suit was filed.[2]

### III.  LAW AND ANALYSIS

ORC § 1705.54(A) provides in relevant part that "[b]efore transacting business in this state, a foreign limited liability corporation shall register with the secretary of state." ORC § 1705.58(A) provides in relevant part that "[a] foreign limited liability company transacting business in this state may not maintain any action or proceeding in any court of this state until it has registered in this state in accordance with sections 1705.53 to 1705.58 of the Revised Code."  However, failure to register does not prevent a company from defending itself in any action or proceeding in any court in Ohio.  *See*, ORC § 1705.58(B).

There is no Ohio case law on point regarding ORC § 1705.58(A), which pertains to foreign limited liability companies.  However, there is some case law regarding ORC § 1703.29(A), which is a very similar law applying to foreign corporations.[3]

---

[1] Sta-Rite's certificate from the Ohio Secretary of State is dated July 11, 2008.

[2] Sta-Rite also argues Preferred Pump waived its right to raise Sta-Rite's lack of capacity because Preferred Pump did not raise this issue as an affirmative defense.  Preferred Pump moved to dismiss based on Sta-Rite's lack of capacity before Sta-Rite registered with the Secretary of State.  The Court finds that Preferred Pump did not waive its right to raise this issue.

[3] "[N]o foreign corporation which should have obtained such license shall maintain any action in any court until it has obtained such license."  ORC § 1703.29(A).

3

(5:08 CV 1072)

The Ohio Supreme Court has not decided the issue of whether a foreign limited liability company or foreign corporation can avoid dismissal for lack of capacity by registering with or obtaining a license from the Ohio Secretary of State after filing a lawsuit.

In *P.K. Springfield, Inc. v. Hogan*,[4] the Ohio Court of Appeals analyzed the language of ORC § 1703.29(A)'s prohibition against a foreign corporation maintaining an action in Ohio without a license.  The Court of Appeals determined the statutory prohibition may apply to either the commencement of an action or the continuation of an action already begun.  *P.K. Springfield* at 1258 (citing Black's Law Dictionary (5 Ed.Rev. 1979) 859 for the definition of "maintain an action").  Further, the Court of Appeals observed that ORC § 1703.29(A) "does not expressly provide an exception in cases where the corporation acquires a license prior to judgment, or indeed at any other time after it commences the action."  *P.K. Springfield* at 1258.  Therefore, the *P.K. Springfield* court concluded that "the beginning or continuation of an action by an unlicensed corporation clearly violates RC § 1703.29(A)" and "the failure of a corporation to procure the required license prior to maintaining an action violates RC § 1703.29(A) and may be a sufficient basis for a judicial remedy for that violation, regardless of whether the corporation obtains a license prior to final judgment."  *Id*.

In *CDA of America, Inc. v. Midland Life Insurance Co.*,[5] defendant moved to dismiss pursuant to ORC § 1703.29(A) because plaintiff was not licensed as a foreign corporation in Ohio when the lawsuit was filed, but subsequently obtained a license.  The District Court's

---

[4] 621 N.E.2d 1253 (Ohio App. 2 Dist. 1993).

[5] 2001 WL 242574 (S.D. Ohio).

4

(5:08 CV 1072)

opinion analyzed the Ohio case law interpreting the statutory language and the effect of subsequent licensure. The District Court concluded that

> under the current law of Ohio, a foreign corporation must obtain a license before filing an action in Ohio, that failure to obtain a license before commencing the lawsuit renders the action subject to dismissal, and that failure to obtain a license before filing the lawsuit cannot be 'cured' by obtaining a license after filing the action but prior to judgment. *P.K. Springfield; L & W Supply* [*Co., Inc. v. Construction One, Inc.,* 2000 Ohio App. LEXIS 1414 at *10-11 (Hancock Cty. March 31, 2000)]; *Stults* [*& Associates, Inc. v. United Mobile Homes, Inc.,* 1998 Ohio App. LEXIS 5097, at *13-15 (Marion Cty. Oct. 14, 1998)].

*CDA of America* at *5.

In so concluding, the *CDA of America* court dismissed plaintiff's claims without prejudice, holding that

> Plaintiff was not licensed to do business in Ohio when this lawsuit was filed. Plaintiff's attempt to obtain a license after the filing of the lawsuit does not allow plaintiff to avoid dismissal. In sum, the Court finds that plaintiff's action is subject to dismissal for lack of capacity. . . . The additional expense and delay of re-filing is certainly preferable to allowing this action to go forward, perhaps to judgment, only to have any judgment later called into question on the basis of plaintiff's lack of capacity to sue.

*Id.*

The District Court in *Auto Driveaway Co. v. Auto Logistics of Columbus, et al.,*[6] had a different view of judicial economy in deciding a motion to dismiss because plaintiff was not licensed as required by ORC § 1703.03 when the suit was filed.

> Plaintiff is precluded, pursuant to § 1703.29, from maintaining a cause of action in Ohio. The Court will not, however, dismiss the case. Rather, the Court assumes plaintiff will eventually get its day in court, and dismissing the case now would merely prolong and add considerable costs to this litigation. In the interest of judicial economy, therefore,

---

[6] 188 F.R.D. 262 (S.D. Ohio 1999).

5

(5:08 CV 1072)

>this action is NOT DISMISSED but is STAYED until Plaintiff complies with the dictates of Ohio Rev. Code § 1703.03.

*Auto Driveaway* at 265.

The *Auto Driveaway* court did not outright come to a different interpretation than the *P.K. Springfield* and *CDA of America* courts regarding whether § 1703.29(A)'s prohibition against maintaining an action by an unlicensed foreign corporation could be cured by subsequent licensure. However, another court in the Southern District of Ohio did interpret the statute differently.

In *Ferron v. Search Cactus, LLC, et al.,*[7] the District Court found the Ohio Appellate Court's interpretation of the word "maintain" in *P.K. Springfield* to be "unnecessarily strict" and that "'[m]aintain' simply means 'to continue (something).'" *Ferron* at *2 (quoting *Blacks Law Dictionary* 333 (8th Ed. 2004)). Using this definition, the *Ferron* court concluded that "this Court could, and does, read §§ 1703.29(A) and 1705.58(A) as meaning that an unlicensed foreign corporation or unregistered limited liability company cannot *continue* an action until they are properly licensed or registered. There is nothing in the statutes to suggest that an unlicensed foreign corporation or unregistered foreign limited liability company, after *initiating* an action, cannot correct their mistake and continue with the litigation." *Id.* (emphasis in original). Based on this interpretation of ORC § 1705.58(A), the *Ferron* court found that because defendant subsequently registered as a foreign limited liability company, plaintiff's motion to dismiss defendant's counterclaim was moot. "Therefore, based on the plain meaning

---

[7] 2007 WL 1792331 (S.D. Ohio).

6

(5:08 CV 1072)

of ORC § 1705.58(A) and in the interest of judicial economy, the Court will not dismiss Defendant's counterclaim." *Ferron* at *3

The Court is not insensitive to the issue of judicial economy raised by the courts in *Ferron* and *Auto Driveaway*. However, the Court concurs with the reasoning of the District Court in *CDA of America,* and concludes that the current state of Ohio law requires a limited liability company to register pursuant to ORC § 1705.58(A) before filing an action in Ohio and that failure to do so cannot be cured by subsequent registration. The Court further concludes that because the Ohio Supreme Court has not yet ruled on the question of whether lack of capacity can be cured by subsequent registration, judicial economy is best served by dismissing the case now rather than taking the case to a judgment that may later be rendered invalid due to plaintiff's incapacity when the suit was commenced. Accordingly, Preferred Pump's motion to dismiss is granted.

## IV. CONCLUSION

For the reasons discussed herein, Preferred Pump's motion to dismiss for lack of capacity (Document 17) is granted. Plaintiff's complaint is dismissed without prejudice.

If Preferred Pump desires to pursue its counterclaims in this Court, defendant is granted leave until August 22, 2008, to brief the Court on whether counterclaims based on a complaint dismissed for lack of capacity survive the dismissal. Sta-Rite may respond by August 29, 2008.

(5:08 CV 1072)

Still pending is Sta-Rite's motion to dismiss Counts 1, 2, 3 and 5 of Preferred Pump's counterclaims. Preferred Pump is granted an extension of time to file its opposition to Sta-RIte's motion until a date to be determined after the Court rules on the survival of Preferred Pump's counterclaims.

IT IS SO ORDERED.

| | |
|---|---|
|  August 14, 2008 | *S/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |